JUDGE HELLERSTEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK   **12 CV 9173**
----------------------------------------

GINA ROSADO
                Plaintiff

v.



File Number
COMPLAINT
Under the Civil Rights Act,
42 U.S.C. § 1983

THE CITY OF NEW YORK
NYC POLICE OFFICER JOHN DOE (Fictitious Name, Individually and in an official capacity)
JOANNE ORTIZ
                Defendants

----------------------------------------

1. Now comes the Plaintiff, Gina Rosado, by and through her attorney, Lawrence P. LaBrew, Esq., of the Law Office of Lawrence LaBrew, and complaining against Defendant New York City Police Officer John Doe (fictitious name), of the New York City Police Department (in an individual capacity and in an official capacity), The City of New York, and Defendant Joanne Ortiz, and alleges as follows:

JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States, the Due Process Clause of the United States Constitution, and under the laws of the United States, particularly the Civil Rights Act,

Title 42 U.S.C. §§ 1983 and 1988.

3. This action also arises under New York State Law for the intentional torts of False Imprisonment, Malicious Prosecution, and Intentional Infliction of Emotional Distress.

4. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

5. This Court also has supplemental jurisdiction over the New York State intentional torts alleged in this complaint under Title 28 of the United States Code § 1367 (28 U.S.C.A. § 1367).

6. Venue is placed in this District because this is where the events complained of occurred, the City of New York is located in this District, Police Officer John Doe (fictitious name) works in Bronx County of the City of New York, and Defendant Joanne Ortiz resides in Bronx County of the City of New York.

## DEMAND FOR A TRIAL BY JURY

7. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

8. Plaintiff, Gina Rosado, is a citizen of the United States residing in Bronx County, New York City, in the United States of

America.

9. Defendant New York City Police Officer John Doe (fictitious name) is a police officer who, at the time of the incident, was employed by the New York City Police Department in Bronx County of New York City - New York City being a municipal corporation and governmental subdivision of the State of New York. Defendant Police Officer John Doe is being sued individually and in an official capacity.

10. Defendant Joanne Ortiz was a complaining witness who played a significant role in initiating and procuring the prosecution.

11. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

12. Each of the acts of the Defendants alleged in this complaint were done by the Defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York, the City of New York, and the County of New York, and under the authority of their office as a police officer for such New York City.

13. A hearing was conducted pursuant to section 50-h of the N.Y. General Municipal Law on or about 9 March 2012.

FACTS

14. On or about 9 February 2011 the Plaintiff, was working as a bus driver for Mar-can Transportation Company, Incorporated. Complaining witness Joanne Ortiz is the mother of Matthew Ortiz.

Complaining witness Joanne Ortiz accused the Plaintiff of squeezing Matthew Ortiz's neck and hitting Matthew Ortiz in the face. Complaining witness Joanne Ortiz made the aforementioned accusations to the New York City Police Department, and the Office of the District Attorney in Bronx County. Complaining witness Joanne Ortiz also sworn that the afore-mentioned facts were true when Joanne Ortiz signed a misdemeanor information charging Plaintiff Gina Rosado with the following crimes: (1) Assault in the Third Degree (N.Y. PENAL LAW § 120.00-1), two counts of Endangering the Welfare of a Child (N.Y. PENAL LAW § 260.10-1), Attempted Assault in the Third Degree (N.Y. PENAL LAW § 110/120.00-1), Menacing (N.Y. PENAL LAW § 120.15), and two counts of Harassment (N.Y. PENAL LAW § 240.26-1)

15. Plaintiff Gina Rosado was arrested by Police Officer John Doe (fictitious name) and spent approximately thirty (36) hours in jail (Arrest Number B11611269).

16. Upon information and belief, that being the Plaintiff, the Plaintiff was put in a police car and transported to a Police Station.

17. The Plaintiff was searched, fingerprinted, and photographed.

18. The Plaintiff was arraigned on a misdemeanor complaint, and released on her own recognizance.

19. The complainant was forced top come back to court on several dates.

20. A trial was conducted before the Honorable Justice Dawson, and on 15 December 2011 Plaintiff Gina Rosado was found not guilty of all of the charges: the case was dismissed and sealed (Docket Number 2011BX007927).

FEDERAL CLAIMS

COUNT ONE

21. Plaintiff re-alleges paragraphs 1 through 20 as though set forth in full here.

22. The Plaintiff states that she was illegally seized, searched, arrested, and falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by Defendant Police Officer John Doe (fictitious name) at the behest of Defendant Joanne Ortiz.

23. The Plaintiff states that the Defendant did not have probable cause, or arguable probable cause, to arrest and imprison the Plaintiff because the allegations of Defendant Joanne Ortiz were false.

24. Defendant Police Officer also did not have an arrest warrant to arrest the Plaintiff on or about 9 February 2011.

25. Plaintiff states that she was intentionally confined without her consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

26. Plaintiff states that the intentional conduct of the Defendant Police Officer "shocks the conscience", and that the

Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

27. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when she was arrested on 9 February 2011, and the Plaintiff was not in possession of – or in close proximity to – any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

28. As a direct and proximate result of the wrongful conduct of the Defendant Police Officer as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the Plaintiff's reputation and good name.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Police Officer as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT TWO

Plaintiff re-alleges paragraphs 1 through 28 as though set forth in full here.

29. The Plaintiff states that she was illegally seized, searched, arrested, and falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by Defendant Police Officer John Doe (fictitious name) at the behest of Defendant Joanne Ortiz.

30. The Plaintiff states that the Defendant did not have probable cause, or arguable probable cause, to arrest and imprison the Plaintiff because the allegations of Defendant Joanne Ortiz were false.

31. Defendant Police Officer also did not have an arrest warrant to arrest the Plaintiff on or about 9 February 2011.

32. Plaintiff states that she was intentionally confined without her consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

33. Plaintiff states that the intentional conduct of the Defendant Joanne Ortiz "shocks the conscience", and that the

Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

34. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when she was arrested on 9 February 2011, and the Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

35. As a direct and proximate result of the wrongful conduct of the Defendant Police Officer as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the Plaintiff's reputation and good name.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Joanne Ortiz as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Joanne Ortiz for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT THREE

36. Plaintiff re-alleges paragraphs 1 through 35 as though set forth in full here.

37. Plaintiff states that the Defendant New York City Police Officer John Doe (fictitious name) denied the Plaintiff substantive due process, and that the intentional conduct of the New York City Police Officer Doe "shocks the conscience".

38. The Plaintiff states the Defendant New York City Police Officer Doe conducted a reckless investigation in ascertaining whether any of the acts alleged by Defendant Joanne Ortiz actually occurred.

39. Plaintiff states that Defendant Police Officer Doe conducted a reckless criminal investigation – or no investigation at all – that shocks the conscience.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT FOUR

40. Plaintiff re-alleges paragraphs 1 through 39 as though set forth in full here.

41. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise the Defendant New York City Police Officer John Doe.

42. Plaintiff states that the City of New York knows to a moral certainty that New York City Police Officers will encounter situations where people make unsubstantiated allegations.

43. Plaintiff states that proper training or supervision would have enabled Defendant New York City Police Officer John Doe to understand that witnesses have to be questioned in order to determine exactly which individuals present at a crime scene may have committed a criminal offense before making an arrest.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

C. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT FIVE

44. Plaintiff re-alleges paragraphs 1 through 43 as though set forth in full here.

45. The Plaintiff states that she was malicious prosecuted within the purview of the Fourth Amendment of the United States Constitution.

46. The Plaintiff states that she was deprived of her liberty on 9 February 2011 when she was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime.

47. The Plaintiff states that she was forced to come to Court on every court date regarding the afore-mentioned arrest, until 15 December 2011 when the Plaintiff was acquitted of all charges.

48. The Plaintiff states that there was no forensic evidence to

show that the Plaintiff had committed any crime when she was arrested by Police Officer John Doe - at the behest of Defendant Joanne Ortiz on 9 February 2011.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Joanne Ortiz as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT SEVEN

49. Plaintiff re-alleges paragraphs 1 through 48 as though set forth in full here.

50. The Plaintiff states that she was malicious prosecuted within the purview of the Fourth Amendment of the United States Constitution.

51. The Plaintiff states that she was deprived of her liberty on 9 February 2011 when she was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime.

52. The Plaintiff states that she was forced to come to Court on every court date regarding the afore-mentioned arrest, until 15 December 2011 when the Plaintiff was acquitted of all charges.

53. The Plaintiff states that there was no forensic evidence to show that the Plaintiff had committed any crime when she was arrested by Police Officer John Doe - at the behest of Defendant Joanne Ortiz on 9 February 2011.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Police Officer John Doe as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred

in connection with the prosecution of this action to be paid by the Defendants.

## NEW YORK STATE CLAIMS

54. Plaintiff re-alleges paragraphs 1 through 48 as though set forth in full here.

55. Plaintiff states that before the commencement of this action, and within 90 days of 3 June 2011, Plaintiff duly served a Notice of Claim on the Defendant City of New York as required pursuant to section 50-E of the New York State General Municipal Law.

56. Plaintiff states that on, or about 9 March 2012, a hearing was conducted by the City of New York's agent pursuant to section 50-E of the New York State General Municipal Law.

57. Plaintiff states that this action has been commenced withing 1 year and 90 days of the termination of the underlying case.

## COUNT ONE

58. Plaintiff re-alleges paragraphs 1 through 52 as though set forth in full here.

59. Plaintiff states that she was falsely arrested, falsely imprisoned, and intentionally confined without her consent when the Defendant New York City Police Officer John Doe arrested the Plaintiff without probable cause.

60. Plaintiff states that the arrest - and confinement - of the Plaintiff was not otherwise privileged or justified.

61. Plaintiff states that the false arrest, false imprisonment -

and intentional confinement without consent – was done with malice.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT TWO

62. Plaintiff re-alleges paragraphs 1 through 56 as though set forth in full here.

63. The Plaintiff states that the Defendants engaged, were deliberately indifferent, or condoned conduct that was extreme and outrageous.

64. That said conduct of the Defendants was performed with the

intent to cause, or in disregard of a substantial probability of causing, severe emotional distress.

65. The Plaintiff states that the actions of the Defendants caused severe emotional distress.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT THREE

66. Plaintiff re-alleges paragraphs 1 through 65 as though set forth in full here.

67. The Plaintiff states that the Plaintiff was malicious prosecuted by Defendant Complaining Witness Joanne Ortiz.

Defendant Joanne Ortiz was a complaining witness who played a significant role in initiating and procuring the prosecution

68. The Plaintiff states that the criminal proceedings that is the subject of this complaint was terminated in favor of the Plaintiff because the Plaintiff was acquitted of all charges.

69. The Plaintiff states that the Defendant Police Officer did not have probable cause to arrest the Plaintiff, based on the false allegations of Defendant Complaining Witness Joanne Ortiz.

70. Plaintiff states that this prior proceeding was commenced with the wrong motive, or an improper motive, and not to seek justice because there was never probable cause to arrest the Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT FOUR

71. Plaintiff re-alleges paragraphs 1 through 70 as though set forth in full here.

72. The Plaintiff states that the Plaintiff was malicious prosecuted by Defendant Police Officer John Doe and the City of New York.

73. The Plaintiff states that the criminal proceedings that is the subject of this complaint was terminated in favor of the Plaintiff because the Plaintiff was acquitted of all charges.

74. The Plaintiff states that the Defendant Police Officer did not have probable cause to arrest the Plaintiff, based on the false allegations of Defendant Complaining Witness Joanne Ortiz.

75. Plaintiff states that this prior proceeding was commenced with the wrong motive, or an improper motive, and not to seek justice because there was never probable cause to arrest the Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant John Doe or the City of New York as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

C. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT FIVE

76. Plaintiff re-alleges paragraphs 1 through 75 as though set forth in full here.

77. The Plaintiff states that the City of New York is vicariously liable for the New York State intentional torts - as alleged in this complaint - committed by Defendant New York City Police Officer John Doe under the doctrine of *respondeat superior*.

78. Plaintiff states that there is a master-servant relationship between Defendant New York City Police Officer John Doe, and the City of New York.

79. The Plaintiff states that Defendant New York City Police Officer John Doe was operating within the scope of his employment - in an official capacity - when he falsely arrested and falsely imprisoned the Plaintiff, malicious prosecuted the Plaintiff, and intentionally caused the Plaintiff emotional distress, and that aforementioned New York City Police Officer John Doe was acting in furtherance of the City of New York's business or purpose.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

C. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

_____
Lawrence P. LaBrew, Esq. (LL4455)
Attorney for Plaintiff Gina Rosado
110 Wall Street 11th Floor
New York, New York 10005
Tel (212) 385-7500
Tel (212) 709-8159

Date: 17 December 2012
      New York, New York