UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------

                GINA ROSADO
                            Plaintiff

                v.                          CIVIL ACTION NO. 12 CV 9173
                                            **AMENDED COMPLAINT**
                                            Under the Civil Rights Act,
                                            42 U.S.C. § 1983


THE CITY OF NEW YORK
NYC POLICE OFFICER BENCOSME VIRGILIO
TAX NUMBER 932317 (Individually
and in an official capacity)
JOANNE ORTIZ
                            Defendants

-------------------------------------------------

1. Now comes the Plaintiff, Gina Rosado, by and through her

attorney, Lawrence P. LaBrew, Esq., of the Law Office of Lawrence

LaBrew, and complaining against Defendant New York City Police

Officer Bencosme Virgilio Tax Number 932317 of the New York City

Police Department (in an individual capacity and in an official

capacity), The City of New York, and Defendant Joanne Ortiz, and

alleges as follows:

                    JURISDICTION AND VENUE

2. This action arises under the Constitution of the United

States, particularly the Fourth, Eighth, and Fourteenth

Amendments to the Constitution of the United States, the Due

Process Clause of the United States Constitution, and under the

laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This action also arises under New York State Law for the intentional torts of False Arrest, False Imprisonment, Malicious Prosecution, and Intentional Infliction of Emotional Distress.

4. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

5. This Court also has supplemental jurisdiction over the New York State intentional torts alleged in this complaint under Title 28 of the United States Code § 1367 (28 U.S.C.A. § 1367).

6. Venue is placed in this District because this is where the events complained of occurred, the City of New York is located in this District, Police Officer Bencosme Virgilio works in Bronx County of the City of New York, and Defendant Joanne Ortiz resides in Bronx County of the City of New York.

DEMAND FOR A TRIAL BY JURY

7. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

PARTIES AND WITNESSES

8. Plaintiff, Gina Rosado, is a citizen of the United States residing in Bronx County, New York City, in the United States of

America.

9. Plaintiff Gina Rosado was employed by Mar-Can Transportation, as a school bus matron, from approximately 2003 to 2012. Mar-Can Transportation is a contractor with the New York City Board of Education. Mar-Can Transportation provides bus service for students.

10. Plaintiff Gina Rosado worked on a bus that transported mentally challenged children to the Westchester Exceptional Child School in Westchester County.

11. Prior to working on a bus that transported mentally challenged children to the Westchester Exceptional Child School, Plaintiff Gina Rosado worked as a bus matron -- for about three years -- with mentally challenged children that were transported to the Leake & Watts School in Yonkers New York.

12. Wilson Colon is a bus driver employed by Mar-Can Transportation and he was the bus driver on the bus where Plaintiff Gina Rosado was working on 9 February 2011: Wilson Colon is familiar with Matthew Ortiz.

13. Plaintiff Gina Rosado received training - as mandated by the New York City Board of Education -- on how to deal with the mentally challenged children on the bus. The Plaintiff received training when she was hired and also attended refresher training courses at least twice a year.

14. Matthew Ortiz is the son of Defendant Joanne Ortiz.

15. Plaintiff began working on the bus that transported Matthew Ortiz in approximately 2007 or 2008.

16. Matthew Ortiz was twelve years old when the Plaintiff was arrested on 9 February 2011.

17. Matthew Ortiz cannot speak, and has been diagnosed as suffering from autism, moderate mental retardation, and intermittent periods of explosive aggression.

18. Plaintiff states that – prior to February 2011 – Defendant Joanne Ortiz, the school that Matthew Ortiz was attending, and Mar-Can Transportation were all informed that Matthew Ortiz was becoming more aggressive.

19. Plaintiff states that Matthew Ortiz has had tantrums where he would take off his clothes and sneakers, and then throw his sneakers at anyone on the bus.

20. Defendant New York City Police Bencosme Virgilio Tax Number 932317 is a police officer who, at the time of the incident, was employed by the New York City Police Department, at the 40th Precinct, in Bronx County of New York City – New York City being a municipal corporation and governmental subdivision of the State of New York. Defendant Police Officer Bencosme Virgilio is being sued individually and in an official capacity.

21. Defendant Joanne Ortiz was a complaining witness who played a significant role in initiating and procuring the prosecution.

22. The City of New York is a municipal corporation and

governmental subdivision of the State of New York.

23. Each of the acts of the Defendants alleged in this complaint were done by the Defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York, the City of New York, and the County of New York, and under the authority of their office as a police officer for such New York City.

24. A hearing was conducted pursuant to section 50-h of the N.Y. General Municipal Law on or about 9 March 2012.

FACTS

25. On 9 February 2011 Mar-Can Bus Driver Wilson Colon pulled up along side of Defendant Joanne Ortiz's car so that Matthew Ortiz could board the bus for school. Matthew Ortiz was the first pick-up of the day.

26. Plaintiff Gina Rosado got off of the bus in order to ensure that Matthew Ortiz safely boarded the bus.

27. Plaintiff states that Matthew Ortiz ran up to the Plaintiff and kicked the Plaintiff in the vagina, and then Matthew Ortiz tried to punch the Plaintiff about the body. Plaintiff states that Plaintiff raised her arms to block the blows of Matthew Ortiz as he tried to punch the Plaintiff.

28. Bus Driver Wilson Colon witnessed the entire incident when Matthew Ortiz attacked Plaintiff Gina Rosado.

29. Plaintiff Gina Rosado began walking towards the mother of

Matthew Ortiz: Defendant Joanne Ortiz. Defendant Joanne Ortiz grabbed the Plaintiff by the Plaintiff's uniform and tried to strike the Plaintiff.

30. The bus driver, Mr. Wilson Colon, pulled Defendant Joanne Ortiz off of Plaintiff Gina Rosado.

31. Plaintiff Gina Rosado, and Bus Driver Wilson Colon, both witnessed the afore-mentioned event involving Matthew Ortiz and Defendant Joanne Ortiz.

32. Plaintiff Gina Rosado and Bus Driver Wilson Colon both informed Defendant Police Officer Bencosme Virgilio of the afore-mentioned facts.

33. Plaintiff Gina Rosado was arrested by Defendant Police Officer and spent approximately thirty (36) hours in jail (Arrest Number B11611269).

34. Upon information and belief, that being the Plaintiff, the Plaintiff was put in a police car and transported to a Police Station.

35. The Plaintiff was searched, fingerprinted, and photographed.

36. The Plaintiff was arraigned on a misdemeanor complaint, and released on her own recognizance.

37. The complainant was forced top come back to court on several dates.

38. A trial was conducted before the Honorable Justice Dawson, and on 15 December 2011 Plaintiff Gina Rosado was found not

guilty of all of the charges: the case was dismissed and sealed
(Docket Number 2011BX007927).

39. Plaintiff states that she was unable to retreat.

40. Upon information and belief, that being the statement of
Wilson Colon, the Plaintiff never touched Matthew Ortiz, and
Matthew Ortiz approached the Plaintiff and attacked the
Plaintiff.

41. Plaintiff states that Defendant Police Officer was informed
of the following facts — by the Plaintiff and Bus Driver Wilson
Colon — prior to arresting the Plaintiff:

    a. That Matthew Ortiz was mentally challenged,

    b. That Matthew Ortiz approached and attacked the Plaintiff,
and the Plaintiff could not retreat,

    c. That the Plaintiff never hit or struck Matthew Oritz, and

    d. That Bus Driver Wilson Colon saw the entire incident.

42. The Plaintiff states that the Defendants acted individually
or jointly.

FEDERAL CLAIMS

COUNT ONE

43. Plaintiff re-alleges paragraphs 1 through 42 as though set
forth in full here.

44. The Plaintiff states that she was illegally seized, searched,
arrested, and falsely imprisoned in violation of the Fourth, and
Fourteenth, Amendments to the United States Constitution when she

was arrested by Defendant Police Officer Bencosme Virgilio.

45. The Plaintiff states that the Defendant did not have probable cause, or arguable probable cause, to arrest and imprison the Plaintiff.

46. Defendant Police Officer also did not have an arrest warrant to arrest the Plaintiff on or about 9 February 2011.

47. Plaintiff states that she was intentionally confined without her consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

48. Plaintiff states that the intentional conduct of the Defendant Police Officer "shocks the conscience", and that the Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

49. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when she was arrested on 9 February 2011, and the Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

50. As a direct and proximate result of the wrongful conduct of the Defendant Police Officer as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the

Plaintiff's reputation and good name.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Police Officer as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five hundred (500,000.00) thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT TWO

Plaintiff re-alleges paragraphs 1 through 50 as though set forth in full here.

51. The Plaintiff states that she was illegally seized, searched, arrested, and falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by Defendant Police Officer John Doe (fictitious name) at the behest of Defendant Joanne Ortiz.

52. The Plaintiff states that the Defendant did not have probable cause, or arguable probable cause, to arrest and imprison the Plaintiff because the allegations of Defendant Joanne Ortiz were false.

53. Defendant Police Officer also did not have an arrest warrant to arrest the Plaintiff on or about 9 February 2011.

54. Plaintiff states that she was intentionally confined without her consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

55. Plaintiff states that the intentional conduct of the Defendant Joanne Ortiz "shocks the conscience", and that the Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

56. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when she was arrested on 9 February 2011, and the Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

57. As a direct and proximate result of the wrongful conduct of the Defendant Police Officer as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the

Plaintiff's reputation and good name.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Joanne Ortiz as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five hundred ($500,000.00) thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Joanne Ortiz for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT THREE

58. Plaintiff re-alleges paragraphs 1 through 57 as though set forth in full here.

59. Plaintiff states that the Defendant New York City Police Officer denied the Plaintiff substantive due process, and that the intentional conduct of the New York City Police Officer Bencosme Virgilio "shocks the conscience".

60. The Plaintiff states the Defendant New York City Police

Officer conducted a reckless investigation.

61. Plaintiff states that Defendant Police Officer conducted a reckless criminal investigation – or no investigation at all – that shocks the conscience.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five hundred (500,000.00) thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

                          COUNT FOUR

62. Plaintiff re-alleges paragraphs 1 through 61 as though set forth in full here.

63. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise the

Defendant New York City Police Officer.

64. Plaintiff states that the City of New York knows to a moral certainty that New York City Police Officers will encounter situations where people make unsubstantiated allegations.

65. Plaintiff states that proper training or supervision would have enabled Defendant New York City Police Officer to understand that witnesses have to be questioned in order to determine exactly which individuals present at a crime scene may have committed a criminal offense before making an arrest.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five hundred (500,000.00) thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

C. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FIVE

66. Plaintiff re-alleges paragraphs 1 through 65 as though set forth in full here.

67. The Plaintiff states that she was malicious prosecuted within the purview of the Fourth Amendment of the United States

Constitution.

68. The Plaintiff states that she was deprived of her liberty on 9 February 2011 when she was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime.

69. The Plaintiff states that she was forced to come to Court on every court date regarding the afore-mentioned arrest, until 15 December 2011 when the Plaintiff was acquitted  of all charges.

70. The Plaintiff states that there was no forensic evidence to show that the Plaintiff had committed any crime when she was arrested by Defendant Police Officer on 9 February 2011.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Joanne Ortiz as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five hundred (500,000.00) thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish the Defendant for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred

in connection with the prosecution of this action to be paid by
the Defendants.

COUNT SEVEN

71. Plaintiff re-alleges paragraphs 1 through 70 as though set
forth in full here.

72. The Plaintiff states that she was malicious prosecuted within
the purview of the Fourth Amendment of the United States
Constitution.

73. The Plaintiff states that she was deprived of her liberty on
9 February 2011 when she was arrested and seized without probable
cause, and that said arrest and seizure was unreasonable because
the Plaintiff had not committed any crime.

74. The Plaintiff states that she was forced to come to Court on
every court date regarding the afore-mentioned arrest, until 15
December 2011 when the Plaintiff was acquitted  of all charges.

75. The Plaintiff states that there was no forensic evidence to
show that the Plaintiff had committed any crime when she was
arrested by the Defendant Police Officer on 9 February 2011.

**WHEREFORE**, Plaintiff respectfully requests judgment against
Defendant Police Officer as follows:

A. That Plaintiff be awarded compensatory damages in the amount
of five hundred (500,000.00) thousand dollars, together with
interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of

five (5,000,000.00) million dollars as will sufficiently punish
Defendant Police Officer for Defendant's willful and malicious
conduct and that said award of punitive damages will serve as an
example to prevent a repetition of such conduct in the future;
C. That Plaintiff be awarded costs of this litigation to be paid
by the Defendants; and
D. That Plaintiff be awarded reasonable attorney's fees incurred
in connection with the prosecution of this action to be paid by
the Defendants.

NEW YORK STATE CLAIMS

76. Plaintiff re-alleges paragraphs 1 through 75 as though set
forth in full here.
77. Plaintiff states that before the commencement of this action,
and within 90 days of 3 June 2011, Plaintiff duly served a Notice
of Claim on the Defendant City of New York as required pursuant
to section 50-E of the New York State General Municipal Law.
78. Plaintiff states that on, or about 9 March 2012, a hearing
was conducted by the City of New York's agent pursuant to section
50-E of the New York State General Municipal Law.
79. Plaintiff states that this action has been commenced withing
1 year and 90 days of the termination of the underlying case.

COUNT EIGHT

80.Plaintiff re-alleges paragraphs 1 through 79 as though set
forth in full here.

81. Plaintiff states that she was falsely arrested, falsely imprisoned, and intentionally confined without her consent when the Defendant New York City Police Officer John Doe arrested the Plaintiff without probable cause.

82. Plaintiff states that the arrest - and confinement - of the Plaintiff was not otherwise privileged or justified.

83. Plaintiff states that the false arrest, false imprisonment - and intentional confinement without consent - was done with malice.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five hundred (500,000.00) thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT NINE

84. Plaintiff re-alleges paragraphs 1 through 83 as though set forth in full here.

85. The Plaintiff states that the Defendants engaged, were deliberately indifferent, or condoned conduct that was extreme and outrageous.

86. That said conduct of the Defendants was performed with the intent to cause, or in disregard of a substantial probability of causing, severe emotional distress.

87. The Plaintiff states that the actions of the Defendants caused severe emotional distress.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five hundred (500,000.00) thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred

in connection with the prosecution of this action to be paid by
the Defendants.

COUNT TEN

88. Plaintiff re-alleges paragraphs 1 through 87 as though set
forth in full here.

89. The Plaintiff states that the Plaintiff was malicious
prosecuted by Defendant Complaining Witness Joanne Ortiz.
Defendant Joanne Ortiz was a complaining witness who played a
significant role in initiating and procuring the prosecution

90. The Plaintiff states that the criminal proceedings that is
the subject of this complaint was terminated in favor of the
Plaintiff because the Plaintiff was acquitted of all charges.

91. The Plaintiff states that the Defendant Police Officer did
not have probable cause to arrest the Plaintiff, based on the
false allegations of Defendant Complaining Witness Joanne Ortiz.

92. Plaintiff states that this prior proceeding was commenced
with the wrong motive, or an improper motive, and not to seek
justice because there was never probable cause to arrest the
Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests judgment against
Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount
of five hundred (500,000.00) thousand dollars, together with
interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of
five (5,000,000.00) million dollars as will sufficiently punish
Defendant Police Officer for Defendant's willful and malicious
conduct and that said award of punitive damages will serve as an
example to prevent a repetition of such conduct in the future;
C. That Plaintiff be awarded costs of this litigation to be paid
by the Defendants; and
D. That Plaintiff be awarded reasonable attorney's fees incurred
in connection with the prosecution of this action to be paid by
the Defendants.

COUNT ELEVEN

93. Plaintiff re-alleges paragraphs 1 through 92 as though set
forth in full here.
94. The Plaintiff states that the Plaintiff was malicious
prosecuted by Defendant Police Officer and the City of New York.
95. The Plaintiff states that the criminal proceedings that is
the subject of this complaint was terminated in favor of the
Plaintiff because the Plaintiff was acquitted of all charges.
96. The Plaintiff states that the Defendant Police Officer did
not have probable cause to arrest the Plaintiff.
97. Plaintiff states that this prior proceeding was commenced
with the wrong motive, or an improper motive, and not to seek
justice because there was never probable cause to arrest the
Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Police Officer or the City of New York as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five hundred (500,000.00) thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

C. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT TWELVE

98. Plaintiff re-alleges paragraphs 1 through 97 as though set forth in full here.

99. The Plaintiff states that the City of New York is vicariously liable for the New York State intentional torts - as alleged in this complaint - committed by Defendant New York City Police Officer under the doctrine of *respondeat superior*.

100. Plaintiff states that there is a master-servant relationship between Defendant New York City Police Officer and the City of New York.

101. The Plaintiff states that Defendant New York City Police Officer was operating within the scope of his employment - in an official capacity -- when he falsely arrested and falsely imprisoned the Plaintiff, malicious prosecuted the Plaintiff, and

intentionally caused the Plaintiff emotional distress, and that aforementioned New York City Police Officer was acting in furtherance of the City of New York's business or purpose.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five hundred (500,000.00) thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

C. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

Lawrence P. Labrew, Esq. (LL4455)
Attorney for Plaintiff Gina Rosado
160 Broadway Suite 600 6th FL
New York, New York 10038
lawrencelabrew@verizon.net
Tel: (212) 385-7500
Fax: (212) 385-7501

Date: 27 September 2013
      New York, New York